**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

KAREN AYOUB

    Plaintiff,

v.                                           Case No. 07-CV-13158

UNUM LIFE INSURANCE
COMPANY OF AMERICA

    Defendant.
                               /

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Pending before the court is Defendant Unum Life Insurance Company of America's ("Unum's") "Motion to Dismiss," filed July 31, 2007. The motion has been fully briefed and the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant Unum's motion.

**I. BACKGROUND**

This action centers upon Plaintiff Karen Ayoub's claim for long-term disability benefits.[1] Effective July 2, 1990, Unum issued a disability policy to Plaintiff. (Pl.'s First Compl. at ¶ 3, Def.'s Ex. 1, Case No. 06-15768.) Plaintiff alleges that during the effective term of the policy, she was diagnosed with chronic fatigue syndrome, which caused a loss of earnings sufficient to qualify for disability benefits under the policy. (*Id.*

---

[1] The instant action is Plaintiff's second against Unum arising out of Unum's denial of disability benefits. All citations that reference "Case No. 06-15768," refer to Plaintiff's first action. Citations that do not reference a case number refer to the instant action.

1

at ¶ 5.) Accordingly, in July 2001, Plaintiff submitted a claim for benefits to Unum. (*Id.* at ¶ 25.) On October 12, 2001, Unum denied Plaintiff's claim, alleging that Plaintiff did not suffer a loss of net income sufficient to qualify for benefits. (10/12/01 Letter, Pl.'s Mot. for S.J. Ex. B, Case No. 06-15768.) Plaintiff appealed the decision, and on January 14, 2002 her appeal was denied on the same basis that her claim was initially rejected. (1/14/02 Letter, Pl.'s Mot. for S.J. Ex. C., Case No. 06-15768.) Plaintiff pursued no further course of action.

On March 19, 2003, the Commissioner of Insurance for the State of Georgia entered an order with the consent of Unum requiring Unum to pay a fine of $250,000 and requiring it to be placed on regulatory probation for two years for issues related to its claims handling and other practices. (3/19/03 Order, Pl.'s Resp. to Def.'s Mot. to Dismiss Ex. D, Case No. 06-15768.) On September 2, 2003, insurance regulators instituted a multi-state targeted examination to determine if Unum's policies reflected systemic unfair and deceptive claim settlement practices. (Pl.'s Second Compl. at ¶ 21.) After an investigation of Unum's practices, Unum was required to reassess thousands of claims it had previously denied and also to pay a $15 million fine. (*Id.* at ¶ 22.) Unum also entered into a Multistate Regulatory Settlement Agreement ("RSA"), whereby it was required to implement a claims reassessment process to review the claims decision for any claimant whose benefits were terminated on or after January 1, 2000. (*Id.* at ¶ 23.)

On January 13, 2005, Unum sent Plaintiff a letter informing her that her previously denied claim for disability benefits was eligible for reassessment pursuant to the RSA. (1/13/05 Letter, Def.'s Mot. to Dismiss Ex. 3, Case No. 06-15768.) On

November 2, 2005, Unum provided Plaintiff with claim reassessment forms, which Plaintiff completed and submitted to Unum. (Pl.'s First Compl. at ¶¶ 26-27, Case No. 06-15768.) On November 10, 2006, Unum once again denied Plaintiff's claim, this time on the basis that Plaintiff's medical records did not support a finding that Plaintiff suffered from chronic fatigue syndrome. (Pl.'s Second Compl. at ¶ 28.)

### A. Plaintiff's First Action

On November 28, 2006, Plaintiff filed suit in this court against Unum alleging (1) breach of contract based upon the insurance policy, (2) bad faith and unfair trade practices in violation of Mich. Comp. Laws § 500.2001 *et seq.*, (3) promissory estoppel and (4) violation of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.901 *et seq.* (*See generally* Pl.'s First Compl., Case No. 06-15768.)

On February 13, 2007, Unum filed a motion to dismiss asserting that Plaintiff's breach of contract claim was barred by the three-year statute of limitations provided for by the insurance policy and that Plaintiff's remaining claims fail to state a claim upon which relief could be granted. (*See generally* Def.'s Mot. to Dismiss, Case No. 06-15768.) On February 28, 2006, Plaintiff filed a motion for summary judgment arguing that Unum disregarded the express terms of the policy and utilized the wrong date of disability so as to prevent Plaintiff from establishing that she suffered a qualifying loss of income. (*See generally* Pl.'s Mot. for S.J., Case No. 06-15768.) Plaintiff maintained that the statute of limitations did not bar her claim because the RSA provided that any applicable statute of limitations was tolled during the pendency of the claim reassessment process. (*Id.*) Plaintiff further argued that Unum should be estopped

3

from denying Plaintiff's claim on the basis that her medical records allegedly did not sufficiently establish that she suffered from chronic fatigue syndrome, as that is a different defense than that upon which Unum's first denial rested. (*Id.*)

On April 6, 2007, this court entered an order granting Unum's motion to dismiss and denying Plaintiff's motion for summary judgement. (4/6/07 Order, Case No. 06-15768.) The court determined that Plaintiff's breach of contract claim was time-barred by the three-year statute of limitations set out in the insurance policy, as Plaintiff did not file suit until more than two years after the statute of limitations period had expired.[2] (*Id.* at 7, 10.) Plaintiff's unfair trade practices claim was dismissed because the court found that Michigan law does not allow for a private cause of action for an alleged violation of the Unfair Trade Practices Act. (*Id.* at 10.) The court dismissed Plaintiff's promissory estoppel claim on the basis that there was an express contract that governed the same subject matter upon which Plaintiff's estoppel claim was based. (*Id.*) The court also dismissed Plaintiff's claimed violation of the Michigan Consumer Protection Act because Michigan authority provides that the act cannot sustain a claim brought by an insured

---

[2]Although the RSA contains a provision providing that any applicable statute of limitations shall be tolled during the pendency of the claim reassessment process, that provision did not save Plaintiff's claim. As the court explained in its previous order, "Plaintiff's limitations period expired in March 2004, well before the final version of the RSA was drafted or, more importantly, implemented, and well before the Claim Reassessment Process began, either generally or specifically as to Plaintiff. In other words, by the time the Claim Reassessment Process began, there was nothing left of Plaintiff's limitations period to toll." (*Id.* at 9) (internal footnotes omitted).

against an insurer.[3]  (*Id.* at 13.)  With regard to Plaintiff's motion for summary judgment, the court noted that it would not reach the merits of such motion given its determination that Unum's motion to dismiss would be granted, thereby warranting dismissal of Plaintiff's complaint in its entirety.  (*Id.* at 1,15.)

Finally, the court's order also addressed Plaintiff's attempt to add an RSA-based claim to her action.  Plaintiff's first complaint did not include any RSA-based claims.  Although Plaintiff never filed a motion to amend to add an RSA claim, Plaintiff indicated in her response to Unum's motion to dismiss that her claim "should also proceed based on Defendant's breach of the Regulatory Settlement Agreement."  (Pl.'s Resp. at 11, Case No. 06-15768.)  The court determined that "Plaintiff has not asserted a breach of contract action against Defendant as to the RSA.  Plaintiff's complaint only asserts a breach of the Policy.  For the reasons stated above, this claim is time-barred, and Plaintiff cannot utilize the RSA to revitalize the expired limitations period."  (4/6/07 Order at 10, Case No. 06-15768.)  The court's order further addressed Plaintiff's attempt to add an RSA-based promissory estoppel claim.  Plaintiff's response to Unum's motion to dismiss included a footnote indicating, "Plaintiff would request leave to amend her complaint to include this claim [the claim that Plaintiff's promissory estoppel claim should be based on the RSA]."  (Pl.'s Resp. at 13 n.3, Case No. 06-15768.)  As noted above, Plaintiff never filed a motion to amend to add such a claim, nor did she file a post-judgment motion or appeal on the basis of a new RSA claim.  The court's order

---

[3]The court also indicated that, to the extent that Plaintiff's complaint could be read to include claims for emotional distress and bad faith, such claims were likewise without merit because emotional distress damages are not recoverable for an alleged breach of an insurance contract.  (*Id.* at 14-15.)

5

indicated that it "does not treat such conditional 'requests,' found in footnotes, as legitimate motions under the federal or local rules." (4/6/07 Order at 11-12, Case No. 06-15768.) The court concluded that Plaintiff's complaint should be dismissed based on the statute of limitations, and that Plaintiff's attempts to add any RSA-based claims would not be entertained, given that they were not supported by a formal motion to amend in compliance with the Federal Rules of Civil Procedure and applicable local rules. (*Id.* at 11-13.)

### B. Plaintiff's Second Action

On June 22, 2007, Plaintiff filed her second action against Unum, this time alleging one count of breach of the RSA, for Unum's alleged wrongful rejection of her reassessed claim for disability benefits. (*See generally* Pl.'s Second Compl.) Specifically, Plaintiff alleges that Unum breached the RSA by (1) failing to apply the improved claim handling procedures contemplated by the RSA in order to fairly remedy the deficiencies that may have affected earlier claims decisions, (2) inadequately addressing Unum's alleged commitment to claim handling procedures that promote the fair, objective and thorough treatment of claims and (3) failing to comply with applicable state and federal laws and regulations. (*Id.* at ¶ 37.)

On July 31, 2007, Unum filed its motion to dismiss, currently pending before the court. (*See* Def.'s Mot. to Dismiss.) Unum's sole assertion is that Plaintiff's claims are barred by *res judicata*. (*Id.*)

## II. STANDARD

When ruling on a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must construe the complaint in a light most favorable to the plaintiff and accept all the factual allegations as true. . . ." *Evans-Marshall v. Board of Educ.,* 428 F.3d 223, 228 (6th Cir. 2005); *Rossborough Mfg. Co. v. Trimble,* 301 F.3d 482, 489 (6th Cir. 2002). In doing so, "the court must draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Yet, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Gregory v. Shelby County*, 220 F.3d 433, 466 (6th Cir. 2000). Although a heightened fact pleading of specifics is not required, the plaintiff must bring forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955,1974 (2007).

Though decidedly liberal, this standard of review does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

> [A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the complaint's allegations are true.

*Twombly*, 127 S.Ct. at 1964-65 (citing Fed. R. Civ. P. 8(a)). Further, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (abrogated on different grounds by

7

*Twombly*, 127 S.Ct. 1955). In application, a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Lillard*, 76 F.3d at 726 (citation omitted). A court cannot grant a motion to dismiss under Rule 12(b)(6) based upon its disbelief of a complaint's factual allegations. *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (emphasis omitted) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)).[4]

## III. DISCUSSION

Plaintiff's second complaint alleges that Unum violated various obligations created by the RSA related to improving claim handling procedures, and Unum's breach resulted in the wrongful rejection of Plaintiff's claim for disability benefits. (*See generally* Pl.'s Second Compl.) Unum counters that the doctrine of *res judicata* bars

---

[4]To the extent that the court is considering matters beyond the pleadings, it is, pursuant to Rule 56 of the Federal Rules of Civil Procedure, viewing the record in the light most favorable to Plaintiff. *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987); *Raimondo v. Village of Armada*, 197 F.Supp.2d 833, 841 (E.D. Mich. 2002) (stating that when a motion to dismiss refers to matters outside of the pleadings, the motion shall be treated as one for summary judgment under Federal Rule of Civil Procedure 56(b) and disposed of as provided in Rule 56). The disposition of this case is the same regardless of whether the Rule 12(b)(6) or Rule 56 standard governs. Unum has presented sufficient evidence to prevail with respect to either standard.

8

Plaintiff's present action because any alleged violation of the RSA was or could have been brought by Plaintiff in the previous action. (*See generally* Def.'s Mot. to Dismiss.)

### A.  *Res Judicata*

The doctrine of *res judicata* is employed to prevent multiple suits litigating the same cause of action. *Adair v. State*, 680 N.W.2d 386, 396 (Mich. 2004).  The doctrine bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first.  *Id.*  Michigan courts take a broad approach to the doctrine of *res judicata*, holding that it bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not.  *Id.*

### 1. Prior Adjudication on the Merits

As an initial matter, the court notes that where jurisdiction of a federal court is based on diversity, the substantive law of the state governs the claim preclusive effect of a federal court's dismissal.  *Semteck Int'l, Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 508 (2001).  Because jurisdiction in this case is based on diversity, the substantive law of Michigan will govern the claim preclusive effect of the court's prior dismissal.[5]

Michigan authority provides that a dismissal on statute of limitations grounds

---

[5]Pursuant to the mandates of *Semteck,* the court rejects Plaintiff's argument that federal procedural rules should be used to determine the claim preclusive effect of the court's prior dismissal.  (Pl.'s Sur-Reply at 1-2.)

serves as an adjudication on the merits.[6]  *Al-Shimmari v. Detroit Med. Ctr.,* 731 N.W.2d 29, 36-38 (Mich. 2007).  In *Al-Shimmari,* the Michigan Supreme Court expressly overruled *Rogers v. Colonial Fed. S & L Ass'n.,* 275 N.W.2d 499 (Mich. 1979), holding that *"Rogers* was wrongly decided to the extent that it suggests that a motion for summary disposition on statute of limitations grounds does not operate as an adjudication on the merits."  *Al-Shimmari*, 731 N.W.2d at 37.

### 2.  Same Parties or Privies

The second requirement for application of the *res judicata* doctrine is that both actions involve the same parties or their privies.  *Washington v. Sinai Hosp. of Greater Detroit,* 733 N.W.2d 755, 759 (2007).  The parties in the former action are precisely the same parties that are in the instant action.  Hence, the second requirement of *res judicata* is readily satisfied.

### 3.  The Claim in the Present Action Was, or Should Have Been, Brought in the Prior Action

Plaintiff maintains that the instant action arises out of a wholly separate and distinct set of operative facts than her first action.  (Pl.'s Resp. at 12.)  Plaintiff points out that her first action was premised upon Unum's first assessment of her claim wherein Unum utilized an improper date of disability so as to prevent Plaintiff from establishing a

---

[6]The court also rejects Plaintiff's claim that the court's opinion in the previous action suggests that the dismissal was not on the merits.  (Pl.'s Resp. at 6.)  Plaintiff bases her argument on the court's statement that it was dismissing Plaintiff's complaint without reaching the merits of Plaintiff's motion for summary judgment.  (4/6/07 Order at 1, 15, Case No. 06-15768.)  The court's reasoning was that, in light of its decision to grant Unum's "Motion to Dismiss" on statute of limitations grounds, the merits of Plaintiff's motion for summary judgment need not be reached.  (*Id.* at 15.)  Nowhere in the court's order did it indicate that the *dismissal itself* was not on the merits or that the dismissal was without prejudice.

qualifying loss of income, while her second action was premised upon Unum's reassessment of her claim, during which time Unum violated claims handling procedures under the RSA in reaching its determination that Plaintiff's medical records did not support a finding of disablement. (*Id.* at 12-18.) Unum counters that both of Plaintiff's actions are to recover disability benefits, the claims are strikingly factually similar and the instant RSA-based claim was known to Plaintiff at the time she filed her first action and should have been raised at that time. (*See generally* Def.'s Mot. to Dismiss.)

As indicated above, in evaluating whether a claim should have been brought in a prior action, courts in Michigan use the "transactional" test. *Adair,* 680 N.W.2d at 397-98. Under the broad transactional test, *res judicata* applies "not only to points upon which the court was required to form an opinion . . . but to every point which properly belonged to the subject of the litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time." *Dubuc v. Green Oak Twp.,* 117 F. Supp. 2d 610, 622 (E.D. Mich. 2000) (holding that *res judicata* bars not only claims already litigated, but also every claim arising from the same transaction that the parties, with reasonable diligence, could have raised but did not). Whether a factual grouping constitutes a "transaction" for purposes of *res judicata* is to be determined by considering whether the facts are related in "time, space, origin or motivation [and] whether they form a convenient trial unit." *Adair,* 680 N.W.2d at 398.

The court begins its analysis with an examination of the above-mentioned factors. First, Unum's original denial of benefits, which served as the basis for Plaintiff's first action, and its subsequent denial of the reassessed claim, which served as the

basis for Plaintiff's second action, are separated by a period of five years. Although this rather lengthy span of time supports Plaintiff's position that the claims did not arise out of the same transaction, an analysis of the remaining factors reveals stronger support for Unum's position. For instance, both of Plaintiff's suits originate from the same alleged misconduct, i.e., Unum's improper handling of Plaintiff's claim for disability benefits. Both claims find their basis in Plaintiff's disability insurance policy, and both actions allege an improper denial by Unum. Although the second action asserts a breach of the RSA, such a claim is nevertheless rooted in Plaintiff's insurance policy. But for the existence of the insurance policy, the RSA does not enter the picture, as the RSA's purpose was to remedy Unum's improper claims handling procedures related to previously denied claims, including Plaintiff's claim. Further, both actions are motivated by Plaintiff's desire to recover benefits under the policy for the identical chronic fatigue syndrome claim. Thus, Plaintiff's allegations are essentially alternate theories supporting Plaintiff's central claim that Unum improperly denied her benefits. That Unum's first denial of benefits occurred five years prior to Unum's second denial of the very same benefits does not necessitate a finding that the two claims are entirely separate and distinct. Finally, the court is persuaded that the claims would have formed a convenient trial unit. Given the aforementioned similarities, there is a sufficient overlap of relevant facts and legal issues to warrant a finding that the claim in the instant action should have been brought in the previous action.

Furthermore, Plaintiff was aware of Unum's alleged breach of the RSA at the time that she filed her first suit. Unum denied the reassessed claim on November 10, 2006 and Plaintiff filed her first action on November 28, 2006. Plaintiff could have

raised an RSA-based claim in her first complaint, but did not. Although Plaintiff did attempt to raise an RSA-based claim in her response to Unum's motion to dismiss, she failed to abide by the rules governing a motion to amend and was not permitted to raise an RSA-based claim.[7] The court is well satisfied that Plaintiff could have, with reasonable diligence, properly brought the breach of RSA claim in the first action. The fact that Plaintiff's RSA-based claims were not considered by the court in the previous action is not dispositive. The doctrine of *res judicata* is not limited to claims that were actually litigated, but rather, allows for the preclusion of any claim, already litigated or not, so long as it arose from the same transaction or course of events as the first action.

In sum, because the claims are substantially related with respect to origin, motivation, factual background and issues involved, because the claims would have formed a convenient trial unit, and because Plaintiff knew about the instant claim at the time she filed her first suit and could have properly raised it at that time, *res judicata* bars Plaintiff from asserting her instant claim.

### 4. *Res Judicata* Does Not Work a Manifest Injustice

Finally, Plaintiff argues that *res judicata* should not be applied to the instant case because its application would work a manifest injustice. (Pl.'s Resp. at 25.) *Res judicata* is not applied if it offends public policy or results in manifest injustice. *Nathan v. Rowan,* 651 F.2d 1223, 1226 (6th Cir. 1981).

---

[7]Plaintiff also failed to raise the RSA issue in a motion for relief from judgment after Unum's motion to dismiss was granted.

13

The court finds that Plaintiff cannot demonstrate that a manifest injustice would result if *res judicata* were applied to the instant action. The Sixth Circuit has defined a "manifest injustice" as an "error . . . that is direct, obvious, and observable." *Tenn. Prot. & Advocacy, Inc. v. Wells,* 371 F.3d 342, 348 (6th Cir. 2004) (citing *Black's Law Dictionary* 974 (7th ed. 1999)). The court is neither persuaded that applying *res judicata* under these circumstances offends public policy nor that there is a direct, obvious, or observable error in precluding Plaintiff from asserting the instant claim given that (1) the instant claim is related in a meaningful way to the claims in Plaintiff's first action, (2) Plaintiff knew about the instant claim when she filed her first suit and (3) Plaintiff had meaningful opportunities to raise the instant claim in the former action, yet failed to properly do so. Under the circumstances, *res judicata* should properly apply.

## IV. CONCLUSION

IT IS ORDERED that "Defendant's Motion to Dismiss" [Dkt. #2] is GRANTED. This case is hereby DISMISSED.

    S/Robert H. Cleland  
    ROBERT H. CLELAND  
    UNITED STATES DISTRICT JUDGE

Dated: September 28, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 28, 2007, by electronic and/or ordinary mail.

    S/Lisa Wagner  
    Case Manager and Deputy Clerk  
    (313) 234-5522