# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KAREN AYOUB

    Plaintiff,

v.                                                    Case No. 07-CV-13158

UNUM LIFE INSURANCE
COMPANY OF AMERICA

    Defendant.
                                              /

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS

Pending before the court is Defendant Unum Life Insurance Company of America's ("Unum's") "Motion for Rule 11 Sanctions," filed on October 3, 2007. The matter has been briefed and the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny Unum's motion.

## I. BACKGROUND

The instant action involves Plaintiff Karen Ayoub's claim for long-term disability benefits against her insurer, Unum.[1] After Unum denied Plaintiff's claim for long-term disability benefits on the basis that she did not suffer a qualifying loss of income, Plaintiff filed her first suit against Unum on November 28, 2006, alleging (1) breach of contract based upon the insurance policy, (2) bad faith and unfair trade practices in

---

[1]The instant action is Plaintiff's second against Unum arising out of Unum's denial of disability benefits. All citations that reference "Case No. 06-15768" refer to Plaintiff's first action. Citations that do not reference a case number refer to the instant action.

violation of Mich. Comp. Laws § 500.2001 *et seq.*, (3) promissory estoppel and (4) violation of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.901 *et seq.* (*See generally* Pl.'s First Compl., Case No. 06-15768.) On April 6, 2007, this court entered an order granting Unum's motion to dismiss and denying Plaintiff's motion for summary judgement on the grounds that Plaintiff's breach of contract claim was barred by the statute of limitations and her remaining claims failed to state a claim upon which relief could be granted. (4/6/07 Order, Case No. 06-15768.)

On June 22, 2007, Plaintiff filed her second action against Unum, this time alleging that Unum breached a Regulatory Settlement Agreement ("RSA"). (*See generally* Pl.'s Second Compl.) In 2003, after insurance regulators investigated Unum's practices, Unum was required to enter into the RSA, which detailed a claim reassessment process that Unum was to follow in order to ensure a fair reassessment of claims that had previously been denied by Unum. (9/28/07 Order at 2.) Under the RSA, Unum was required to reassess Plaintiff's claim and to do so in a manner that comported with the RSA's mandates of fairness. (*Id.*) Unum reassessed Plaintiff's claim, and on November 10, 2006, it once again denied her claim, this time on the basis that Plaintiff's medical records did not support a finding that Plaintiff suffered from chronic fatigue syndrome. (*Id.* at 2-3.)

On July 31, 2007, Unum filed a motion to dismiss, alleging that Plaintiff's claims were barred by *res judicata*. (*See* Def.'s Mot. to Dismiss.) Plaintiff countered that the second lawsuit arose out of a wholly separate and distinct set of operative facts than her first suit. (Pl.'s Resp. at 12.) Plaintiff urged the court to consider that her first action

2

was premised upon Unum's breach of the insurance policy for failure to utilize the correct date of disability, while her second action was premised upon Unum's breach of the RSA in its determination that Plaintiff's medical records did not support a finding of disability. (*Id.* at 12-18.) On September 28, 2007, the court entered an order granting Unum's motion to dismiss on *res judicata* grounds. (9/28/07 Order.) The court concluded that Plaintiff was aware of the RSA-based claim at the time she filed her first suit,[2] and that she should have brought that claim in her first action because it arose out of the same transaction as her first suit. (*Id.* at 11-13.)

On October 3, 2007, Unum filed its "Motion for Rule 11 Sanctions," arguing that Plaintiff's persistence in maintaining an action that was clearly barred by *res judicata* is unreasonable and warrants an imposition of sanctions against her. (*See generally* Def.'s Mot.) Plaintiff counters that her arguments were made in good faith and are supported by existing law or the non-frivolous extension of existing law. (*See generally* Pl.'s Resp.)

## II. STANDARD

Federal Rule of Civil Procedure 11 provides in relevant part:

(b) Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,

. . . .

---

[2]Unum denied Plaintiff's reassessed claim pursuant to the RSA on November 10, 2006, and Plaintiff filed her first lawsuit on November 28, 2006. (9/28/07 Order at 3.)

3

>    (2) the claims, defenses, and other legal contentions therein are warranted
>    by existing law or by a nonfrivolous argument for the extension,
>    modification, or reversal of existing law or the establishment of new law;
>
>    . . . .
>
>    (c) Sanctions. If, after notice and a reasonable opportunity to respond, the
>    court determines that subdivision (b) has been violated, the court may,
>    subject to the conditions stated below, impose an appropriate sanction
>    upon the attorneys, law firms, or parties that have violated subdivision (b)
>    or are responsible for the violation.

Fed. R. Civ. P. 11. However, presenting a nonmeritorious claim does not necessarily constitute bringing a frivolous claim, because a frivolous claim is something more than an unsuccessful claim. *Pieper v. Am. Arbitration Ass'n,* 336 F.3d 458, 465 (6th Cir. 2003). Where the result is not obvious, and the argument is at least plausible, the claim is not frivolous. (*Id.*) The conduct of counsel that is the subject of sanctions is measured by an objective standard of reasonableness under the circumstances. *Albright v. Upjohn Co.*, 788 F.2d 1217, 1221 (6th Cir. 1986). A district court has wide discretion to decide whether counsel has acted reasonably under the circumstances. *INVST Fin. Group, Inc., v. Chem-Nuclear Sys, Inc.,* 815 F.2d 391, 401 (6th Cir. 1987).

### III. DISCUSSION

The determination whether sanctions should be imposed upon Plaintiff centers upon whether her claim was frivolous. The core of Plaintiff's theory of relief was that her second suit was not barred by *res judicata* because she was not required to bring the RSA-based claim in her first action because it did not arise out of the same transaction as her first action. In evaluating whether a claim should have been brought in a prior action, courts in Michigan use the "transactional" test. *Adair v. State*, 680 N.W.2d 386,

397-98 (Mich. 2004). Whether a factual grouping constitutes a "transaction" for purposes of *res judicata* is determined by considering whether the facts are related in "time, space, origin or motivation [and] whether they form a convenient trial unit." *Id.* at 398.

As Plaintiff pointed out in her opposition to Unum's motion to dismiss, a period of five years separated Unum's original denial of benefits, which served as the basis for Plaintiff's first action, and its subsequent denial of the reassessed claim, which served as the basis for Plaintiff's second action. (Pl.'s Resp. at 14.) Plaintiff asserted that such a substantial time lapse supports her position that the claims did not arise out of the same transaction. (*Id.*) Plaintiff further argued that the evidence required to prove her first suit is different than the evidence required to prove her second suit because the second implicated the RSA while the first did not. (*Id.* at 13-14.) Plaintiff further cited various cases that could plausibly be read to support her position. (*See generally id.*) The court agrees that Plaintiff's argument, though ultimately not victorious, did not rise to the level of frivolity. The court finds that Plaintiff's arguments were reasonable, did not involve a distortion of the facts and were not wholly without merit. Accordingly, an imposition of sanctions upon Plaintiff is unwarranted.

## IV.  CONCLUSION

IT IS ORDERED that Unum's "Motion for Rule 11 Sanctions" [Dkt. # 11] is DENIED.

    S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: October 19, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 19, 2007, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522